# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| CONCENTRIX CVG CORPORATION f/k/a CONVERGYS CORPORATION, *et al.*, | : : : : | Case No. 1:21-cv-131 |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : : | |
| vs. | : : | |
| STEPHAN J. DAOUST, *et al.*, | : : | |
| Defendants. | : | |

## ORDER GRANTING TASKUS HOLDINGS, INC. AND TASKUS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Doc. 12)

This civil case is before the Court on Defendants TaskUs Holdings, Inc. and TaskUs, Inc. (collectively, "TaskUs")'s motion to dismiss for lack of personal jurisdiction (Doc. 12, 17), and the parties' responsive memoranda (Docs. 15, 16). Also before the Court are the memoranda in support of subject matter jurisdiction filed by Plaintiff Concentrix CVG Customer Management Group, Inc. and Defendants TaskUs and Stephan Daoust (Docs. 12, 15, 16).

## I. BACKGROUND

### A. Factual Background

Defendant Stephan J. Daoust is a former employee of Concentrix CVG Corporation, formerly known as Convergys Corporation and Concentrix CVG Customer Management Group, Inc. (collectively, "Concentrix"). (Doc. 14 at ¶ 23). Daoust began working for Convergys in June 1999. (*Id.*). During his 22-year tenure with Convergys,

he rose to the level of Vice President of Operations. (*Id*.). On August 20, 2018, Daoust executed a Non-Disclosure and Non-Competition Agreement (the "Non-Compete") with Convergys. (*Id*. at ¶ 24). The Non-Compete contained confidentiality, non-competition, and non-solicitation provisions. (Doc. 14-1).

In October 2018, Convergys was acquired by Concentrix. (Doc. 14 at ¶ 2). From that point forward, Daoust worked for Concentrix. (*Id*.). On December 18, 2020, Daoust gave notice to Concentrix that he was terminating his employment effective December 31, 2020. (*Id*. at ¶ 38). Concentrix then learned of Daoust's impending employment with TaskUs. (Doc. 15-1 at ¶ 6). TaskUs and Concentrix are direct competitors. (Doc. 14 at ¶ 39). Both companies provide customer-service management and business-performance services to clients. (*Id*.). Both companies maintain operations in many of the same locations around the United States and the Philippines. (*Id*.).

On December 23, 2020, after learning of Daoust's pending employment with TaskUs, Concentrix sent correspondence to TaskUs, notifying TaskUs of the Non-Compete and Daoust's impending breach. (Doc. 15-1 at ¶ 6). Daoust officially ended his employment with Concentrix on December 31, 2020. (Doc. 14 at ¶ 38).

**B.    Procedural History**

Between Daoust's resignation and February 10, 2021, Concentrix and TaskUs attempted to settle Concentrix's claims. (*Id*. at ¶ 41). After reaching an impasse, Concentrix filed suit in the Hamilton County Court of Common Pleas on February 15, 2021. (Doc. 1-1).

The original complaint was brought by two Concentrix entities: (1) Concentrix CVG Corporation f/k/a Convergys Corporation, a Delaware corporation with a principal place of business in Ohio; and (2) Concentrix CVG Customer Management Group Inc., an Ohio corporation with a principal place of business in Ohio. (Doc. 6). In the original complaint, Concentrix filed suit against Daoust, a Florida resident, and TaskUs Holdings, Inc. and TaskUs, Inc. (*Id.*). Both TaskUs entities are Delaware corporations with principal places of business in New Braunfels, Texas. (*Id.*).

On February 26, 2021, TaskUs and Daoust removed the action based on this Court's diversity jurisdiction. (Doc. 1). A motion for temporary restraining order and preliminary injunction was docketed as part of the removal on March 1, 2021. (Doc. 7).

Pursuant to Local Rule 65.1, this Court held an informal preliminary conference on the motion for temporary restraining order and preliminary injunction on March 2, 2021. (3/2/2021 Minute Entry and Notation Order). *Sua sponte*, the Court raised the issue of subject matter jurisdiction. (*Id.*). Based on the original complaint, Plaintiff Concentrix CVG Corporation f/k/a Convergys Corporation and TaskUs were both Delaware corporations, destroying diversity jurisdiction. (*Id.*). At the conference, TaskUs also raised whether this Court can exercise personal jurisdiction over it. (*Id.*).

The Court ordered expedited briefing on both jurisdictional issues. (*Id.*). On March 8, 2021, TaskUs filed a motion to dismiss TaskUs only (not Daoust) for lack of personal jurisdiction and a memorandum in support of subject matter jurisdiction. (Doc. 12). On March 12, 2021, Concentrix filed an Amended Complaint (Doc. 14), dismissing Concentrix CVG Corporation f/k/a/ Convergys Corporation (the Delaware corporation)

3

from the action. (Doc. 14). <u>After</u> filing the Amended Complaint, Concentrix filed its opposition to the motion to dismiss for lack of personal jurisdiction. (Doc. 15).

TaskUs filed a reply in support of its motion to dismiss on March 16, 2021. (Doc. 16). In its reply, TaskUS noted that an amended complaint generally moots a pending motion to dismiss. However, TaskUS argued that because the Amended Complaint is essentially the same as the original complaint and still maintains the same personal jurisdiction issues, the Court can consider the motion to dismiss and responsive pleading as directed to the Amended Complaint. Regardless, TaskUS filed a new motion to dismiss three days later "out of an abundance of caution," but noted that no new evidence, facts, or legal theories were presented. (Doc. 17 at 2, n. 1).

It is true that "the filing of an amended complaint generally moots a pending motion to dismiss." *Rainey v. Patton*, No. 1:11CV327, 2011 WL 5239241, at *2 (S.D. Ohio Sept. 26, 2011), *report and recommendation adopted*, No. C-1-11-327, 2011 WL 5239237 (S.D. Ohio Nov. 1, 2011) (citing *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). However, "'[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance." *Yates*, 205 F.R.D. at 499 (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed.1990)).

Here, the Amended Complaint is substantially close in substance to the original complaint, essentially only dropping one of the plaintiffs to moot the issue of subject matter jurisdiction. (*Compare* Doc. 6, 14). Moreover, Concentrix responded to the

motion to dismiss for lack of personal jurisdiction after filing the Amended Complaint and TaskUS replied. Thus, given that the issue of personal jurisdiction still exists, the Court's expedited briefing schedule on jurisdictional issues, and the emergency relief being sought by Concentrix, the Court will consider the motion to dismiss (Doc. 12) and responsive pleadings (Docs. 15, 16) as directed to the Amended Complaint.

TaskUS's repeat-filed motion to dismiss (Doc. 17), which is the same as noted by TaskUs, is **DENIED AS MOOT**.

## II.  SUBJECT MATTER JURISDICTION

The party seeking removal bears the burden of establishing that removal was proper. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Because removal raises significant federalism concerns, federal courts must strictly construe such jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). A federal court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

For purposes of diversity jurisdiction and removal based on diversity, corporations have dual citizenship – both in the state of incorporation and where the corporation has a principal place of business. 28 U.S.C. § 1332(c). *See also Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 956 (6th Cir. 2017) ("a corporation is a citizen of its state of incorporation and its principal place of business") (emphasis in original). There must be complete diversity between plaintiffs and defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

When Concentrix dismissed its Delaware-incorporated entity in its Amended Complaint (Doc. 14), it dismissed a diversity-destroying party from the action. Moreover, because the Court dismisses TaskUs for lack of personal jurisdiction, as discussed *infra*, diversity exists between the remaining parties, Concentrix and Daoust. Accordingly, at this time, the Court may exercise subject matter jurisdiction over this action pursuant to § 1332. *But see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III.  PERSONAL JURISDICTION

#### A.  Standard of Review

Before addressing Concentrix's motion for a temporary restraining order and preliminary injunction (Doc.7), the Court must consider the issue of personal jurisdiction. *See, e.g., Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006). The plaintiff bears the burden of establishing personal jurisdiction. *Mich. Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989). When deciding whether personal jurisdiction exists, a court has discretion to hold a hearing or to rely on the affidavits and factual allegations in the pleadings. *Id.*

Where, as here, the court relies solely on written submissions and declarations, plaintiffs "need only make a *prima facie* showing of jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Nevertheless, if the court rules on written submissions alone, the plaintiff may not rest on his pleadings to answer the movant's affidavits, but must set forth, "by affidavit or otherwise[,]...specific facts showing that the court has jurisdiction." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d

6

1212, 1214 (6th Cir. 1989). In ruling on a 12(b)(2) motion, the "court will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Neogen*, 282 F.3d at 887. A court must construe the facts presented in the pleadings and affidavits in the light most favorable to the nonmoving party. *See Serras*, 875 F.2d at 1214.

To exert personal jurisdiction over a non-resident defendant, the forum's long-arm statute must be satisfied and the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice under the Due Process Clause. *See Tharo Sys., Inc. v. cab Produkttechnik GmbH & Co. KG*, 196 Fed. App'x 366, 369 (6th Cir. 2006) (quoting *Neogen*, 282 F.3d at 888). "Jurisdiction may be found to exist either generally, in cases in which a defendant's "continuous and systematic" conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum." *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996) (quoting *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 445–47 (1952)).

Concentrix argues only specific jurisdiction applies here.[1]

---

[1] Concentrix makes a general argument that the Court may exercise specific jurisdiction because TaskUs availed itself of Ohio based on a website posting showing two employees in Ohio and, because TaskUs and Concentrix have similar businesses, it is likely that TaskUs has clients in Ohio. (Docs. 15-1, 15-2). Assuming Ohio permits the exercise of general jurisdiction, these contacts are not continuous or systematic enough to confer general jurisdiction, nor are these actions tied to the subject matter of the lawsuit to confer specific jurisdiction. *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012) ("even if Ohio law does recognize general jurisdiction over non-residents," continuous and systematic contacts with the forum are requires to comport with due process).

7

**B.      Ohio's Long-Arm**

The first question is whether TaskUs is within the scope of Ohio's long-arm statute. Ohio Rev. Code. § 2307.382. Pursuant to this statute:

> (A)   A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: . . .
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state;

*Id*. at § 2307.382(A)(6).[2]  "[S]ubsection (6) [is] a provision that courts in this circuit have generally interpreted broadly." *Stolle Mach. Co., LLC v. RAM Precision Indus.*, 605 F. App'x 473, 480 (6th Cir. 2015) (citing *Schneider v. Hardesty*, 669 F.3d 693, 700 (6th Cir. 2012)).

At a minimum, Concentrix has made a *prima facie* showing that TaskUs caused a tortious injury outside of Ohio when TaskUs "might reasonably have expected" Concentrix would be injured in Ohio.[3]  *Id.*  Concentrix alleged that Daoust was privy to trade secret and confidential information. (*See* Doc. 14). Concentrix also contends that,

---

[2] Concentrix also argues the Court may exercise personal jurisdiction under subsection (4) because of the alleged employees and clients TaskUs may have in Ohio. *See* fn. 2, *supra*. Subsection (4) reads: "Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." Ohio Rev. Code § 2307.382(A)(4). The Court doubts whether this subsection reaches TaskUs. However, it is unnecessary for the Court to reach a conclusion on subsection (4), finding that the Court can exercise personal jurisdiction under subsection (6).

[3] TaskUs does not outright dispute jurisdiction under the long-arm statute, instead focusing on federal due process.

8

as early as December 23, 2020, while Daoust was still employed by Concentrix, TaskUs became aware of the Non-Compete and Daoust's potential violation if employed by TaskUs. (Doc. 15-1 at ¶6). Thus, TaskUs, by hiring Dauost, could have reasonably expected that Daoust's employment may injure Concentrix in Ohio.

Accordingly, under this lenient standard, Ohio's long-arm statute reached TaskUs. However, the Court's inquiry into personal jurisdiction does not end here.

### C. Due Process

The second question is whether the exercise of personal jurisdiction over TaskUs comports with the Due Process Clause. Concentrix argues personal jurisdiction over TaskUs comports with due process because TaskUs knew about Daoust's Non-Compete by December 23, 2020, still initiated an employment relationship with Daoust, and caused the violation of the Non-Compete. (Doc. 15 at 11). Thus, by this action and consequence, TaskUs purposely availed itself of Ohio and personal jurisdiction in this forum. (*Id*.).

The Sixth Circuit has "recognized that Ohio's long-arm statute is not coterminous with federal constitutional limits," and has "consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend 'traditional notions of fair play and substantial justice'" when analyzing the propriety of personal jurisdiction under Ohio's long-arm statute. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

9

Thus, the Sixth Circuit uses a three-part test to determine whether personal jurisdiction under Ohio's long-arm statute satisfies due process requirements. *See, e.g., Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir. 2012). First, the defendant must purposely avail themself of the privilege of acting in Ohio or causing a consequence in Ohio. *Id*. Second, the cause of action must arise from the defendant's activities in Ohio. *Id*. Finally, the acts of or consequences caused by the defendant must have a substantial enough connection with Ohio to make the exercise of jurisdiction over the defendant reasonable. *Id*.

Here, the exercise of personal jurisdiction over TaskUs does not comport with due process. Concentrix fails to make a *prima facie* showing of purposeful availment because TaskUs' knowledge of Concentrix's connections with the forum, or potential injury in the forum, is not enough to establish minimum contacts. *See, e.g., Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.").

Second, Concentrix's causes of action against TaskUs do not arise from TaskUs' actions in Ohio. The causes of action arise from TaskUs hiring Daoust. Although Daoust worked for an Ohio corporation, he is a Florida resident. Moreover, the forum selection clause in Daoust's Non-Compete, assuming it is valid and binding, cannot force TaskUs to litigate in Ohio.[4] *See, e.g., Veteran Payment Sys., LLC v. Gossage*, No.

---

[4] The Court is not making a determination on the validity of the Non-Compete. At this stage, Daoust does not challenge this nor the Court's exercise of personal jurisdiction over him.

10

5:14CV981, 2015 WL 545764, at *6 (N.D. Ohio Feb. 10, 2015) (former employee could not establish personal jurisdiction for claims by former employer against new employer).

Finally, because TaskUs lacks substantial enough contacts to Ohio, the exercise of personal jurisdiction over TaskUs would be unreasonable.[5]  Accordingly, the exercise of personal jurisdiction over TaskUs does not comport with the Due Process Clause. TaskUs' motion will be granted.

### IV.  CONCLUSION

Based upon the foregoing, TaskUs Holdings, Inc. and TaskUs, Inc.'s motion to dismiss for lack of personal jurisdiction (Doc. 12) is **GRANTED**.  Concentrix's claims against TaskUs Holdings, Inc. and TaskUs, Inc. are dismissed without prejudice. Concentrix's claims against Defendant Daoust remain.

Having granted the first motion to dismiss, Defendants' second-filed motion to dismiss (Doc. 17) is **DENIED as moot**.

**IT IS SO ORDERED.**

Date:   3/24/2021                                                  *s/Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                    United States District Judge

---

[5] Concentrix relies heavily on this Court's decision in *Total Quality Logistics, LLC v. Cornelius Leasing Sys., Inc.*, when arguing due process.  No. 1:17-CV-150, 2018 WL 1891354 (S.D. Ohio Mar. 13, 2018).  In *Cornelius*, it was appropriate for this Court to exercise personal jurisdiction over a non-resident company at the initial pleading stage when considering the pleadings and supporting affidavits in light most favorable to the plaintiff.  In that case, the non-resident company's sole member was the individual allegedly misappropriating the plaintiff's confidential information.  That individual had substantial contacts with Ohio.  The facts of *Cornelius* are readily distinguishable from this case given Daoust is not the sole member of TaskUs and the forum selection clause is what is tying Daoust to Ohio, not his contacts.